The Case.
William Stafford was seized in fee of 300 Acres of Land with the Appurtenances which descended to Amy Beesly his dauter and Heir, She ent’d and died Seized and by her last Will dated 9th of Ap’l 1664. Devised the Lands in these Words “ I give and Bequeath my Dividend of Land & Plantation to my Cousen Humphry Stafford and in Case he die without Issue then to my Son in Law in England
Humphry Stafford the Devisee ent’d and was seized and by Deed dated the 16 of April 1668. and by a!no Deed, dated 19th Feb’y 1679. for valuable Considerations Conveyed 90 Acres (the Lands in Que’on) to Townsend in fee and died 11 Dec’r 1684. and left Issue Humph’y his Son and Heir who died in the year 1669. about 31. years of age and left Issue the Lessor of the Pit. his Son and Heir who was born in October 1699. The Deft, derives a Title under Townsend and the Lessor of the Pit. claims under the Will of Mary Beasly as Issue in Tail to Humphry Stafford his Grand Father.
The Lessor of the Pit. An’o 1721. brought an Ejectm’t ag’t the Deft, and the Court 29th October 1723. gave Judgment ag’t the Pit. upon the Act made 1662 Intituled Lands, five years *R49 in possession, tho’ that Act had been repealed from the year 1705.
But the Court very soon afterwards gave a contrary Judgement which was the Occasion of bringing this Action
That an Estate tail passed by the Will of Amy Beasly to Hum’y Stafford, the Grand-Father can be no Question, a Devise to one, and if he die with’t Issue always Construed an Entail, King & Melling, 1. Vent. 214. 225. 9. Owen 29 Cozens Case And it is so Adjudged every Day in this Court Then the only Question that remains is Whether we are barred by any Act of Limitation
The Act of 5 years in possession cannot be a barr to us being Repealed, for an Act Repealed is of no more effect than if it had never been made So says my Lord Chief Justice Vaughan his Reports 325. & so it has been Adjudged in this Court upon this Act
Then there is no other Act of Limitation but that made in the y’r 1710 which Enacts that no Person which then had or thereafter might have any Right or Title of Entrey into any Lands &c. shou’d make any Entrey but within 20 years next after his right accru’d But there is a Saving that if any Persons that then had or thereafter shou’d or might have any right of Entrey was or shou’d be within age &c. he shou’d have 10 years after his coming of age to make his Entrey
[159] The Lessor of the Pit. at the time of making this Act was under age. He is now but 31. So this Action was brought within the 10 years which is Allowed expressly by the Saving Clause to all Persons who were under age at the time of making the Act, & I take it to be a clear Case for the Pit.
But it was insisted that the former Judgm’t given upon the same Facts that are in this Case, and no different Title was shewed, that that Judgm’t shou’d be a bar and two Cases in Salk. Fenwick and Gosvenor — and Withers and Harris — and the Stat. of 4. H. 4. were Cited
And five of the Court were of that Opinion
Which is a very strange Judgment, ag’t a thousand Preced’ts and the nature of the Action.
[Page and a half wholly undecipherable. — W. W. S.]